IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KEVIN OMAR HARPER,

                Plaintiff,

v.

GARY BOUGHTON, MR. JAEGER, MARK
KARTMAN, JAIME ADAMS, SHERYL L. KINYON,
BRIAN KOOL, ANTHONY BROADBENT, LEBBUS A.
BROWN, MRS. BROWN, CAPTAIN ANDREW
HULCE, CAPTAIN MR. FLANNERY, CAPTAIN J.
BOISEN, SCOTT RUBIN-ASCH, DR. HEATHER
SCHWENN, DR. STACEY HOEM, MS. MINK, MS.
LEMEIUX, TODD BRESEE, MS. C. MORRISON, J.
HENDRICKSON, D. CHASE, DOUGALAS PERCY,
SGT. TYLER J. RUDIE, C.O. AMBER L. FREDRICK,
C.O. CARLY A. KNOCKEL, C.O. HAGENSTICK, C.O.
BROWN, SGT. FERRON, SGT. WINGER, BRETT
WILKINSON, NURSE KINNEY, COOK, COLLINS,
REEK, RIBAULT, LATIFA, WARD, JOHN DOES,
JOHN DOES, MEDICAL STAFF, HSU JOHN DOES,
and BERGER,

                Defendants.

OPINION and ORDER

22-cv-74-jdp

---

Plaintiff Kevin Omar Harper, proceeding without counsel, alleges that defendants violated his civil rights in several ways. I have screened the complaint and allowed Harper to proceed on several claims.

Defendants move for judgment on the pleadings, Dkt. 41, contending that in the settlement reached in Case No. 19-cv-723-jdp, Harper released any claims against DOC employees based on actions that occurred before February 24, 2002. Dkt. 40 (written settlement agreement). That settlement agreement, if enforced as written, would apply to this case.

But I will deny the motion for judgment on the pleadings because there are factual disputes concerning whether the settlement agreement is enforceable as written.

BACKGROUND

On July 22, 2021, Magistrate Judge Peter Oppeneer successfully mediated the '723 case. At the end of that proceeding, Judge Oppeneer documented the terms of the agreement in an audio recording, stating:

> I understand that the parties have agreed that for the payment of $12,000 by the defendants to the plaintiff, that plaintiff will dismiss his four pending lawsuits and sign a global release that releases defendants from any claims which will have arisen at or prior to the time of this settlement.

Dkt. 84-1 in the '723 case. The four pending lawsuits were the '723 case, Case Nos. 20-cv-592-jdp and 21-cv-313-jdp in this court, and Case No. 20-cv-424 in the Eastern District of Wisconsin.

Counsel for defendants drafted a settlement agreement and sent it to Harper. Harper wouldn't sign it, so counsel for defendants moved to enforce the settlement agreement. Dkt. 83 in the '723 case. I granted the motion, concluding that the release negotiated at the mediation was enforceable and that it covered the four pending cases. Dkt. 88. Harper moved for reconsideration, contending that the terms of the proposed written agreement differed from the terms agreed to at the mediation. Dkt. 90. I denied the motion for reconsideration, concluding that at the mediation Harper had indeed agreed to release all claims against defendants based on actions occurring before the execution of the settlement agreement. Dkt. 94. Harper signed the settlement agreement and got the settlement payment.

ANALYSIS

There was a problem lurking, which I did not appreciate during the '723 case. The written settlement agreement is actually broader than the agreement that had been reached at the mediation. The written agreement covered not just claims against defendants, but those against all state and DOC employees. Harper realized the problem, and he spelled it out in his motion for reconsideration. Dkt. 90 at 1. But the difference wasn't material to my decision on the motion for reconsideration, because the agreement reached at the mediation covered the four pending suits regardless of what the written settlement agreement said. Had the difference been material, I would have required defendants to conform the written agreement to the one reached at the mediation.

The difference is material to this suit. The agreement reached at the mediation wouldn't bar Harper from pursuing this suit, but the written settlement agreement would.

Defendants contend now that the written agreement is unambiguous, so I should simply enforce it. But the enforceability of the written settlement agreement is not something I can decide on the pleadings for three reasons. First, it's not clear whether consideration supports the written agreement. The written agreement is broader than the verbal agreement, and it's unclear what further consideration Harper received for agreeing to the broader release. Second, Harper contends that he signed the written agreement only because defense counsel Samir Jaber falsely represented that it applied only to claims against the defendants in the four pending lawsuits. If Jaber made those representations, my rulings in the '723 case may have reasonably misled Harper into thinking that Jaber's statements about the scope of the release in the written agreement were true. Third, it's not clear whether the written agreement was the result of either mutual or unilateral mistake.

I recognize the potential unfairness of holding Harper to an agreement that is broader than the one reached at the mediation, which is the only one that I have previously enforced. Because I cannot determine as a matter of law whether I should enforce the written agreement's release clause, further development of the facts will be necessary. In particular, the analysis may turn on the credibility of Harper's or Jaber's testimony about their discussions during the settlement process and their understanding of the consequences of Harper signing the written agreement. When there is a dispute of material fact over the existence or terms of a settlement agreement, the district court should conduct an evidentiary hearing to resolve the matter. *See Sims-Madison v. Inland Paperboard & Packaging, Inc.*, 379 F.3d 445, 449 (7th Cir. 2004); *Wilson v. Wilson*, 46 F.3d 660, 664 (7th Cir. 1995). I will direct the clerk of court to schedule an evidentiary hearing to take testimony from Harper and Jaber about the process by which they reached settlement in that case and to hear argument on the issues discussed in this opinion. The parties should seek permission from the court if they wish to call any other witnesses.

ORDER

IT IS ORDERED that:

1. The clerk of court is directed to schedule an evidentiary hearing on defendants' motion for judgment on the pleadings, Dkt. 41.

2. The clerk of court is directed to issue a writ of habeas corpus ad testificandum for the attendance of plaintiff at that hearing.

Entered May 10, 2024.

> BY THE COURT:
>
> /s/
> _____
> JAMES D. PETERSON
> District Judge