IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KEVIN OMAR HARPER,

                Plaintiff,

v.

GARY BOUGHTON, MR. JAEGER, MARK
KARTMAN, JAIME ADAMS, SHERYL L. KINYON,
BRIAN KOOL, ANTHONY BROADBENT, LEBBUS A.
BROWN, MRS. BROWN, CAPTAIN ANDREW
HULCE, CAPTAIN MR. FLANNERY, CAPTAIN J.
BOISEN, SCOTT RUBIN-ASCH, DR. HEATHER
SCHWENN, DR. STACEY HOEM, MS. MINK, MS.
LEMEIUX, TODD BRESEE, MS. C. MORRISON, J.
HENDRICKSON, D. CHASE, DOUGALAS PERCY,
SGT. TYLER J. RUDIE, C.O. AMBER L. FREDRICK,
C.O. CARLY A. KNOCKEL, C.O. HAGENSTICK, C.O.
BROWN, SGT. FERRON, SGT. WINGER, BRETT
WILKINSON, NURSE KINNEY, COOK, COLLINS,
REEK, RIBAULT, LATIFA, WARD, JOHN DOES,
JOHN DOES, MEDICAL STAFF, HSU JOHN DOES,
BERGER, LEFFLER, TAYLOR, GOVIER, AARON
RICHTER, and RODNEY KAUFFMAN,

                Defendants.

OPINION and ORDER

22-cv-74-jdp

---

    Defendants moved for judgment on the pleadings, Dkt. 41, contending that plaintiff Kevin Omar Harper released any claims against DOC employees in the mediated settlement reached in Case No. 19-cv-723-jdp. The ultimate written settlement agreement in that case, if enforced as written, would bar Harper's claims here. Dkt. 40 in the '723 case (written settlement agreement). But the written settlement agreement appears to be broader than the on-the-record agreement memorialized by Judge Oppeneer at the mediation itself. I held an evidentiary hearing to resolve any factual disputes about the difference between the oral and the written agreements. Factual background to the dispute is set out in Dkt. 52.

At the close of the hearing, I held the record open to allow defendants to submit any additional evidence or argument. Defendants were unable to come up with any additional evidence, but they submitted a supplemental brief. Dkt. 58.

I begin with two comments on defendant's brief.

First, defendants assert that "the language used in the oral agreement mimics the written agreement—the written agreement which itself was discussed and considered on the record during the oral mediation." Dkt. 58 at 2. To support this assertion, defendants cite the audio recording of the settlement agreement. Dkt. 84-1 in the '723 case. But in the audio recording, Judge Oppeneer and the parties explicitly discuss counsel drafting a written settlement agreement memorializing the terms reached at the mediation, Dkt. 84-1 in the '723 case, at 0:40–0:54, which can only mean that it hadn't been drafted yet. The court finds that the statement in defendants' brief that the written settlement agreement was specifically discussed at the mediation to be misleading.

Second, at the beginning of the hearing, counsel for defendants disavowed any difference between the oral agreement and the final written agreement, and disavowed any attempt to enforce an agreement broader than the one reached at the mediation. The rest of the hearing (an hour and a half) was predicated on the theory that Harper released his claims against all state employees at the mediation itself. But in their post-hearing brief, defendants spend most of their time arguing that if there is any difference between the written agreement and the oral one, the written one governs. Dkt. 58 at 2–5. I will hold counsel to their commitment at the hearing. The question before the court is whether Harper released claims against all state employees at the mediation in the '723 case.

The record of the mediation shows that Harper agreed to a "global" release that would release all claims against the defendants in his four pending lawsuits. The idea that "defendants" somehow meant "all state employees" is not supported by the record of the mediation. Counsel in the '723 case may well have wanted such a broad release, but that's not what Judge Oppeneer put on the record. Counsel had the opportunity to correct Judge Oppeneer's statement of the agreement, but they did not.

Gary Boughton is the only defendant in the current lawsuit who was also a defendant in the settled lawsuits. So I will grant defendants' motion as it pertains to Boughton, but I will otherwise deny the motion.

ORDER

IT IS ORDERED that:

1. Defendants' motion for judgment on the pleadings, Dkt. 41, is GRANTED as to defendant Gary Boughton, and DENIED as to all other defendants in this case.

2. The clerk of court is directed to set a telephone conference before Magistrate Judge Boor to set the schedule for the remainder of the proceedings in this lawsuit.

Entered June 26, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge