IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KEVIN OMAR HARPER,

                Plaintiff,

  v.

MR. JAEGER, MARK KARTMAN, SHERYL L.
KINYON, BRIAN KOOL, ANTHONY BROADBENT,
LEBBUS A. BROWN, HEIDI BROWN, CAPTAIN
ANDREW HULCE, CAPTAIN MR. FLANNERY,
CAPTAIN J. BOISEN, SCOTT RUBIN-ASCH, DR.
HEATHER SCHWENN, DR. STACEY HOEM, MS.        OPINION and ORDER
MINK, MS. LEMEIUX, TODD BRESEE, MS. C.
MORRISON, J. HENDRICKSON, D. CHASE,             22-cv-74-jdp
DOUGALAS PERCY, SGT. TYLER J. RUDIE, CO
AMBER L. FREDRICK, CO CARLY A. KNOCKEL, CO
HAGENSICK, CO BROWN, SGT. FERRON, SGT.
WINGER, BRETT WILKINSON, NURSE KINNEY,
COOK, COLLINS, REEK, RIBAULT, LATIFA, JOHN
DOES, JOHN DOE MEDICAL STAFF, HSU JOHN
DOES, BERGER, LEFFLER, TAYLOR, AARON
RICHTER, and RODNEY KAUFFMAN,

                Defendants.

---

Plaintiff Kevin Omar Harper is a former state prisoner. Harper alleges that while he was at Wisconsin Secure Program Facility, defendants involuntarily medicated him, denied him medical care, exposed him to health and safety hazards, tightly handcuffed him, verbally harassed him, and retaliated against him. Harper brings multiple claims under federal and state law.

Defendants move to dismiss on the ground that Harper failed to appear at a properly noticed deposition. Dkt. 64. Harper did not respond to the motion. The evidence shows that Harper willfully obstructed the judicial process. I will grant the motion. As a sanction for Harper's obstruction, I will dismiss the case with prejudice.

BACKGROUND

On March 5, 2025, Harper was served via certified mail with notice of a deposition scheduled for March 20 at 10:00 a.m. at the specified place. Dkt. 66 ¶ 4; Dkt. 66-1. The notice stated that failure to appear could result in sanctions. Counsel for defendants, Mary Kathlin Sickel, waited at the location until 10:20 a.m. on March 20, but Harper failed to appear. Dkt. 66 ¶ 5. Haper did not contact Sickel before the deposition to reschedule or afterwards to explain his failure to appear. *Id.* ¶ 6. The Wisconsin Department of Justice incurred $279.75 in costs for court reporter services. *Id.* ¶ 7; Dkt. 66-2.

Harper's response to the motion to dismiss was due April 15, 2025. On the deadline, Haper called the clerk's office and said that he needed more time to respond, and he was instructed to put his request in writing. Harper said that he would try to sign up as an e-filer or, if that was unsuccessful, mail his response to the court. As of May 5, the court has not received any further response from Harper.

ANALYSIS

A party may be sanctioned for failing to appear for his own deposition following proper notice, and the available sanctions include dismissal of the case. *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009) (citing Fed. R. Civ. P. 37(b)(2)(A)(v); Fed. R. Civ. P. 37(d)(1)(A)(i)). For dismissal to be warranted, the court must find that the party's actions displayed willfulness, bad faith, or fault. *Id.* The sanction must be proportionate to the circumstances, and the court generally should consider the appropriateness of a lesser sanction. *See id.*; *Nelson v. Schultz*, 878 F.3d 236, 239 (7th Cir. 2017).

Harper willfully failed to appear at his properly noticed deposition. Sickel says that she served the notice of deposition on Harper by certified mail at his address of record, and her documentation substantiates that statement. Haper called the clerk of court and acknowledged that he had to respond to the motion to dismiss, which shows that he receives mail at that address. Harper did not contact Sickel before or after the scheduled deposition even though the notice informed him that his failure to appear could result in sanctions, which also shows willful disregard of the judicial process.

Harper's failure to respond to the motion to dismiss has further obstructed this litigation and suggests that he's not willing to diligently prosecute his claims. *Cf. Collins*, 554 F.3d at 697 (stating that a pattern of obstruction warrants the sanction of dismissal). Harper proceeds on several claims against multiple defendants; they need to depose him to file an adequately supported dispositive motion. Harper was declared indigent in this case and he was appointed counsel in his state criminal cases, which makes a financial sanction inappropriate. *See* the docket sheets in Dane County Case Nos. 2018CF359 and 2017CF1595. Any lesser sanction would be unworkable and futile given that Harper's obstruction has effectively stopped the case in its tracks.

I will grant the motion and dismiss this case with prejudice as a sanction because Harper willfully failed to appear for his own deposition and obstructed this case without explanation.

ORDER

IT IS ORDERED that:

1. Defendants' motion to dismiss, Dkt. 64, is GRANTED, with the result that this case is DISMISSED with prejudice as a sanction.

2. The clerk of court is directed to enter judgment and close the case.

Entered May 6, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge
